**John E. HART, Appellant,**

v.

**W.W. McCORMACK, Appellee.**

**No. 09–87–212 CV.**

Court of Appeals of Texas, Beaumont.

Feb. 18, 1988.

Rehearing Denied March 23, 1988.

Donald M. Brown, Morris, Brown & Davis, Conroe, for appellant.

Tim Herron, Crews & Herron, P.C., Conroe, for appellee.

OPINION

DIES, Chief Justice.

Upon a motion for temporary injunctive relief, the trial court issued an order of temporary injunction in favor of Appellee, enjoining Appellant from the solicitation of Appellee's clientele. Appellant had been in Appellee's employment in the sales and service of fire extinguishers. The order granting the temporary injunction prohibits solicitation by Appellant of Appellee's clientele as it existed on the date of Appellant's separation from employment.

The evidence bears out the statement in Appellee's brief—"this is not a case wherein Appellee seeks to enforce any type of express or implied restrictive covenant." Or, to state it differently, Appellant made no agreement not to solicit Appellee's clients.

We know of no authority in Texas giving a court power to issue such an injunction. Even where there exists a precise agreement not to compete, such an agreement is carefully scrutinized by the courts because courts are reluctant to enforce covenants which prevent competition.

In *Hill v. Mobile Auto Trim, Inc.,* 725 S.W.2d 168, 172 (Tex.1987), the Court used this language:

"We recognize that a man's talents are his own. Absent clear and convincing proof to the contrary, there must be a presumption that he has not bargained away the future use of those talents...."

We reverse and dissolve the temporary injunction of the trial court.

Reversed and Rendered.